IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEREMIAH DASHIELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1659 (MN) |
| | ) | |
| JACK LEW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Jeremiah Dashiell, Wilmington, Delaware. Pro Se Plaintiff.

November 22, 2019
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Jeremiah Dashiell ("Plaintiff") proceeds appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). He commenced this action on September 5, 2019. (D.I. 2). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Plaintiff identifies as a Moorish American/Aboriginal Indigenous. He seems to allege that his "state authenticated birth certificate" was mailed to the United States Department of State and that the birth certificate is a bond worth "credit units" on the behalf of "estates of living hue-mans." (D.I. 2 at 5). Plaintiff mixes various statements with legal jargon and alleges that Defendants did not respond or accept a presentment, leaving Defendants "in dishonor and defaulting on an obligation." (*Id*. at 6). Plaintiff seeks "$100,00,00.00 [sic] US currency per default judgment per security agreement . . ." (*Id*. at 7).

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully

1

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *See Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## IV.  DISCUSSION

As set out above, Plaintiff recites claims that consist largely of incomprehensible ramblings composed of commercial and legal doctrines.  He refers to fraud in the civil cover sheet, but provides no supporting facts.  He refers to a lien and default, but again there are no facts to support such a claim.  Any claim based upon Plaintiff's identity as a Moorish American or Aboriginal Indignous does not entitle him to relief.

3

In addition, to the extent Plaintiff alleges fraud, the claim is time-barred under both Delaware law and District of Columbia law. Plaintiff alleges the dates of occurrence as June 22, 2016 and July 18, 2016. (D.I. 2 at 4). Plaintiff filed his Complaint on September 5, 2019. "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Both Delaware and the District of Columbia have a three-year statute of limitations for fraud. *See Jeter v. RevolutionWear, Inc.*, C.A. No. 11706-VCG, 2016 WL 3947951 (Del. Ch. July 19, 2016) (citing 10 Del. C. § 8106); *Dawn J. Bennett Holding, LLC v. FedEd TechConnect, Inc.,* 217 F. Supp. 3d 79, 83 (D.C.C. 2016) (citing D.C. Code § 12-301(8) (providing a three year limitation in circumstances where "a limitation is not otherwise specifically prescribed."). It is clear from the face of the Complaint that Plaintiff's fraud claims, to the extent that is what he alleges, are time-barred having been untimely filed by two to three months.

After reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense to find that the claims, as presented, do not state a viable claim. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Given the stated factual basis for the lawsuit, there is no basis to believe that Plaintiff can amend his lawsuit to state a federal claim. Thus, leave to amend would be futile.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B). The Court finds amendment futile.

An appropriate Order will be entered.